### FOGGAN *v.* LAKE SHORE & M. S. RY. Co.

(*Supreme Court, General Term, Fifth Department.*   October 23, 1891.)

CARRIERS—DELIVERY OF GOODS—VIOLATION OF INSTRUCTIONS.

> Where a railroad company delivers goods to the consignee, in violation of the instructions of the shipper to the company's agent not to deliver without a bill of lading, the company is liable to the shipper for the loss thereby sustained by him.

Appeal from circuit court, Erie county.

Trover by George Foggan against the Lake Shore & Michigan Southern Railway Company. From a judgment for plaintiff, entered on a verdict of the jury, and also from an order denying a motion for a new trial, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Charles A. Pooley,* for appellant.   *Adelbert Moot,* for respondent.

MACOMBER, J.   The action is trover for the recovery of the value of two car-loads of hay alleged to have been converted by the defendant to its own use. The whole number of car-loads of hay which the plaintiff shipped was eight, four of which were delivered before the middle of January, 1889. On the 21st day of January, 1889, the plaintiff informed the defendant's agent that he did not want any more of the hay delivered to the consignee without a bill of lading, because he had failed to pay for what had already been delivered. Subsequently to that the remaining two cars were forwarded, and were delivered to the consignee in violation of this notice. Under the facts disclosed, the jury was warranted in finding a verdict for the two car-loads of hay which were delivered in violation of the direction given to the defendant by the plaintiff, and in violation of the latter's agreement. Laws 1858, p. 533, c. 326; *Colgate* v. *Pennsylvania Co.,* 102 N. Y. 121, 6 N. E. Rep. 114. But it is argued by the learned counsel for the appellant that, assuming the plaintiff's statement to be true, he cannot claim for the car the bill of lading of which was dated on the 15th day of January, and which, he argued, had been delivered to the consignee, and was being unloaded at the time the plaintiff saw the defendant's agent and made the agreement above mentioned; but, if we understand the evidence correctly, it is by no means certain that the car, the bill of lading of which is dated January 15th, had been delivered at the time of making the arrangement. On the contrary, from an examination of the testimony it is found that there was sufficient evidence to enable the jury to say that the car-load represented by the shipping bill of January 15th had not, nor had any part of it, been unloaded on the 21st of that month, when the agreement was made. The witness Merrifield shows to whom bills of lading had been delivered by the plaintiff, and that he received the orders indorsed on the bills of lading at about the time of their date, and the order on the bill of January 15th is dated January 27th. It may be reasonably inferred that Merrifield did not receive the bills before the date of the orders on

the back thereof. He then went in search of the cars, and found them, and discovered that they were being unloaded at that time, which appears to be a date later than the 21st of January. Furthermore, this point, now brought to our attention, was not raised upon the trial, nor upon the motion for a new trial, made at the circuit, so far as the record before us shows. In the motion made by the defendant's counsel for a direction of a verdict in behalf of the defendant no suggestion was made that the case of the one car was different from that of the other. The trial proceeded upon the hypothesis that, if the plaintiff was entitled to recover for the contents of the one, he was likewise entitled to recover for the contents of both. The ground of the motion for a new trial at the special term is not stated in the case. The order merely recites the making of the motion upon the judge's minutes, and this is followed by an order denying the same The judgment and order should be affirmed. All concur.